IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| REGINALD EDWARD GREEN | § | |
| VS. | § | CIVIL ACTION NO. 1:24-CV-131 |
| WARDEN, USP CANAAN | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner, Reginald Edward Green, an inmate currently confined at FCI Sheridan, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner challenges the calculation of time credited toward the completion of his sentence. Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

While Petitioner was convicted and sentenced in the Eastern District of Texas, at the time of filing this petition, Petitioner was incarcerated at USP Canaan which is located in the Middle District of Pennsylvania as it is located in Wayne County, Pennsylvania.[1] As Petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider this

---

[1] Pursuant to *Griffin v. Ebbert*, this court transfers venue to the district where Petitioner was incarcerated at the time he filed this petition. 751 F.3d 288 (5th Cir. 2014).

petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241; subject matter jurisdiction cannot be waived. *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

## Conclusion

After considering the circumstances, the court has determined that the interests of justice require this case be transferred to the district where Petitioner was incarcerated at the time of filing this petition. *See* 28 U.S.C. § 1406(a). An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 4th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE